Mary K. Alejandro
Acting Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Luis A. Garcia, Trial Attorney** (CSBN #146876)
Office of the Solicitor (SOL#1119526)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-2681
    Facsimile:  (213) 894-2064
garcia.luis.a@dol.gov

Attorneys for the Plaintiff
Secretary of Labor

JS 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS,**<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                        Plaintiff,<br>            v.<br><br>**LIFESTYLE LANDSCAPES, INC.**, a California corporation; **LIFESTYLE COMPANIES, INC.,** a California corporation; **LANN D. HAMILTON,** individually, and as managing agent of the Corporate Defendants; **JEREMY WATSON**, individually, and as managing agent of the Corporate Defendants,<br><br>                        Defendants. | Case No.: CV12-01522 RSWL (OPx)<br><br>**CONSENT JUDGMENT** |

   Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants Lifestyle Landscapes, Inc., a California corporation and Lifestyle Companies, Inc., a California corporation (hereafter jointly referred to as the "Corporate Defendants"), Lann D. Hamilton, individually, and as managing agent of the Corporate Defendants, and Jeremy Watson, individually, and as managing agent of

Corporate Defendants (collectively the "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

    B.    Defendants have appeared by counsel and acknowledge receipt of a copy of the Secretary's Complaint.

    C.    Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

    D.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

    E.    Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

    It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

    **ORDERED, ADJUDGED, AND DECREED** that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

    1.    Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for any workweek longer than 40 hours unless such employee receives compen-

sation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendants, jointly and severally, shall not continue to withhold the payment of $90,000.00 plus interest, in overtime pay hereby found to be due under the FLSA to 73 employees as a result of their employment by Defendants during the period July 14, 2008 through July 13, 2010. The attached Exhibit 1 sets forth the name of each employee, the period of employment covered by this Consent Judgment, and the gross backwages due to each.

4. Defendants shall pay the backwages, plus 5% annual interest on the outstanding balance starting from March 1, 2012 until the monetary provisions of this Judgment are paid in full, according to the payment schedule shown on the attached Exhibit 2.  Each payment shall be made by a certified or cashier's check with "Lifestyle Landscape" and "BWs + Interest" written on each, payable to the order of the "Wage & Hour Div., Labor."  The payments shall be delivered to Plaintiff's authorized representatives by personal delivery or Certified Mail, Return Receipt Requested, at:

    U.S. Department of Labor

    Wage and Hour Division,

    Attn.: Daniel A. Pasquil, ADD

    100 North Barranca Avenue, Suite 850

    West Covina, CA  91791:

on or before the date the payment is due.

1    a.   In addition, on or before March 1, 2012, Defendants shall deliver to Plaintiff's authorized representatives at the same address as set forth above, by personal delivery or Certified Mail, Return Receipt Requested, a schedule in duplicate bearing the firm name, employer identification number(s), address, and phone number of the Defendants and showing the name, last known (home) address, social security number, and gross backwage amount for each person listed in the attached Exhibit 1;

b.   In the event of any default in the timely making of any of the payments specified herein, the full amount under the backwage provisions of this Judgment which then remains unpaid, plus interest at the rate of ten percent (10%) per year, from the date of entry of this Judgment until the full amount of this Judgment is paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary;

c.   There will be no pre-payment penalty in the event the Defendants pay the full amounts due under the monetary provisions of this Judgment prior to the dates set forth above; and it is further

**ORDERED** that Defendants, in addition, agree to the imposition of a civil money penalty in the amount of $10,000.00, pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e) and consistent with 29 C.F.R. Part 580.  Payment of the civil money penalty shall be delivered to the Plaintiff's representatives at the same address as set forth above. Payment shall made by certified or cashier's check with "Lifestyle Landscape" and "CMPs" written thereon, payable to the order of the "Wage & Hour Div-Labor" on or before September 1, 2012, as set forth in the Installment Payment Schedule, attached as Exhibit 2; and it is further

**ORDERED** that the Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three

1 years from the date of its receipt, because of an inability to locate the proper persons or
2 because of their refusal to accept it, shall be deposited in the Treasury of the United
3 States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

**ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

**ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

**ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: March 9, 2012

**RONALD S.W. LEW**
_____
Senior, U.S. DISTRICT COURT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[Signatures continue on next page.]

For the Defendants:

Each Defendant listed below hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

For:   **LIFESTYLE LANDSCAPES, INC.**,
       a California corporation

By: _____    2/22/12
                              Date
Its: President

_____        2/22/12
LANN D. HAMILTON              Date

For:   **LIFESTYLE COMPANIES, INC.**,
       a California corporation

By: _____    2/22/12
                              Date
Its: President

_____        2/22/12
LANN D. HAMILTON              Date

_____        2/22/12
LANN D. HAMILTON,             Date
an individual, and as the Managing Agent for
LIFESTYLE LANDSCAPES, INC. and
LIFESTYLE COMPANIES, INC.

_____        2/20/2012
JEREMY WATSON,                Date
an individual, and as the Managing Agent for
LIFESTYLE LANDSCAPES, INC. and
LIFESTYLE COMPANIES, INC.

[Signatures continue on next page.]

Attorneys for the Defendants:

_[signature]_           2/22/12
John L. Barber                Date
Laura J. Anson
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 Town Center Drive, Ste. 1400
Costa Mesa, CA 92626

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

MARY K. ALEJANDRO
Acting Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_[signature]_           02/29/12
LUIS A. GARCIA, Trial Attorney     Date
Attorneys for the Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

| LAST NAME | FIRST NAME | PERIOD COVERED | GROSS AMOUNT DUE |
|---|---|---|---|
| 1.  Aguillon | Macario M. | 08/16/2008 to 10/04/2008 | $304.05 |
| 2.  Alfaro | Alfredo | 08/16/2008 to 08/16/2008 | $172.83 |
| 3.  Alfaro | Jesus A. | 03/06/2010 to 06/26/2010 | $628.60 |
| 4.  Alfaro | Jose Raul | 08/16/2008 to 06/19/2010 | $4,353.87 |
| 5.  Alvarado | Antonio | 03/20/2010 to 04/10/2010 | $53.77 |
| 6.  Alvarado | Jose | 03/20/2010 to 04/10/2010 | $53.77 |
| 7.  Alvarez-Padron | Martin | 09/06/2008 to 06/26/2010 | $1,569.01 |
| 8.  Avalos | Alfredo | 08/16/2008 to 12/20.2008 | $983.12 |
| 9.  Avalos | Hugo M. | 03/28/2009 to 04/18/2009 | $332.22 |
| 10. Bali | Joseph L. | 09/06/2008 to 01/03/2009 | $78.92 |
| 11. Barragan | Armando G. | 08/16/2008 to 06/26/2010 | $2,625.93 |
| 12. Barrios | Jose | 04/17/2010 to 07/03/2010 | $300.85 |
| 13. Bedoy | Juan M. | 06/26/2010 to 06/26/2010 | $64.01 |
| 14. Cano | Fernando | 04/03/2010 to 06/05/2010 | $179.23 |
| 15. Cano-Lopez | Salvador | 08/16/2008 to 06/26/2010 | $6,284.30 |
| 16. Ceja | Alberto | 08/16/2008 to 07/03/2010 | $3,675.02 |
| 17. Celedon | Arturo | 04/11/2009 to 06/19/2010 | $452.43 |

| LAST NAME | FIRST NAME | PERIOD COVERED | GROSS AMOUNT DUE |
|---|---|---|---|
| 18. Celedon | Clemente | 04/11/2009 to 06/19/2010 | $1,353.58 |
| 19. Corona | Ernesto | 12/05/2009 to 12/19/2010 | $209.77 |
| 20. Cortez | Eleazar | 08/16/2008 to 09/06/2008 | $236.20 |
| 21. Cruz Pierda | Argimiro | 02/20/2010 to 06/26/2010 | $778.83 |
| 22. Encarnacion | Francisco M. | 08/16/2008 to 11/21/2009 | $1,063.42 |
| 23. Encarnacion | Marcos | 08/16/2008 to 06/19/2010 | $2,009.99 |
| 24. Encarnacion | Rodolfo | 01/17/2009 to 11/21/2009 | $921.78 |
| 25. Encarnacion | Silvestre | 08/16/2008 to 05/02/2009 | $2,246.37 |
| 26. Figueroa | Jose Isaac | 08/16/2008 to 08/16/2008 | $32.85 |
| 27. Flores | Jose R. | 08/16/2008 to 04/24/2010 | $1,883.47 |
| 28. Flores | Juan C. | 09/06/2008 to 06/26/2010 | $4,260.35 |
| 29. Flores | Luis M. | 08/16/2008 to 06/19/2010 | $4,370.65 |
| 30. Flores | Rodrigo | 08/16/2008 to 06/26/2010 | $4,997.50 |
| 31. Flores, Jr. | Luis | 08/16/2008 to 04/10/2010 | $742.08 |
| 32. Flores-Alvarado | Miguel | 08/16/2008 to 09/19/2009 | $1,570.97 |
| 33. Flores- Celedon | Felipe | 08/16/2008 to 07/03/2010 | $3,451.05 |
| 34. Garcia | Fredy | 04/04/2009 to 04/04/2009 | $67.21 |
| 35. Garcia | Humberto A. | 08/16/2008 to 11/07/2009 | $2,383.39 |

| LAST NAME | FIRST NAME | PERIOD COVERED | GROSS AMOUNT DUE |
|---|---|---|---|
| 36.  Gonzalez | Arnulfo | 08/16/2008 to 09/06/2008 | $215.08 |
| 37. Gonzalez | Luis | 09/06/2008 to 06/19/2010 | $2,826.68 |
| 38. Gonzalez | Manuel | 08/16/2008 to 06/19/2010 | $1,167.16 |
| 39.  Guido | Marcos A. | 04/04/2009 to 04/18/2009 | $241.96 |
| 40. Hernandez | Juan C. | 12/20/2008 to 12/20/2008 | $20.48 |
| 41. Hernandez | Mateo | 03/20/2010 to 04/24/2010 | $125.46 |
| 42. Hernandez-Cruz | Edin | 08/16/2008 to 10/18/2008 | $719.44 |
| 43. Hernandez-Gomez | Pedro | 03/20/2010 to 06/05/2010 | $217.64 |
| 44. Maldonado | Martin | 03/21/2009 to 04/04/2009 | $186.91 |
| 45. Martinez | Esteban | 08/16/2008 to 09/06/2008 | $161.31 |
| 46. Martinez | Francisco | 08/16/2008 to 06/19/2010 | $1,245.25 |
| 47. Martinez | Juan | 08/16/2008 to 12/20/2008 | $435.28 |
| 48. Mendez | Pedro | 04/03/2010 to 06/19/2010 | $279.09 |
| 49. Mendoza | Antonio J. | 08/16/2008 to 09/06/2008 | $204.19 |
| 50. Mendoza-Pureco | Hugo | 08/16/2008 to 09/06/2008 | $111.38 |
| 51. Munoz | Martin | 09/26/2009 to 06/19/2010 | $1,405.14 |
| 52. Ortiz-Mesa | Angel | 03/20/2010 to 04/10/2010 | $53.77 |
| 53. Osuna | Felipe | 04/04/2009 to 04/11/2009 | $161.31 |

| LAST NAME | FIRST NAME | PERIOD COVERED | GROSS AMOUNT DUE |
|---|---|---|---|
| 54. Paez | Joel S. | 04/11/2009 to 04/25/2009 | $134.42 |
| 55. Perez | Jose | 04/11/2009 to 04/18/2009 | $26.88 |
| 56. Perez | Oscar T. | 04/03/2010 to 06/26/2010 | $387.27 |
| 57. Puente-Parra | Santos | 08/16/2008 to 10/24/2009 | $2,504.38 |
| 58. Ramirez | Juan J. | 09/06/2008 to 06/19/2010 | $4,574.04 |
| 59. Ravelo Vera | Alfredo | 10/24/2009 to 06/19/2010 | $1,563.48 |
| 60. Razo | Isabel J. | 08/16/2008 to 06/19/2010 | $370.84 |
| 61. Reyes-Salinas | Pedro | 09/06/2008 to 06/26/2010 | $3,903.26 |
| 62. Romero | Javier | 08/16/2008 to 12/06/2008 | $1,077.33 |
| 63. Rosales | Jose | 08/16/2008 to 08/16/2008 | $227.67 |
| 64. Ruiz | Alejandro | 04/17/2010 to 05/08/2010 | $136.84 |
| 65. Salgado | Salvador | 08/16/2008 to 06/12/2010 | $3,807.10 |
| 66. Sandoval | Daniel | 10/31/2009 to 12/05/2009 | $202.48 |
| 67. Sandoval | Domingo | 10/24/2009 to 12/05/2009 | $224.24 |
| 68. Sandoval | Ruben | 10/24/2009 to 12/05/2009 | $225.52 |
| 69. Segura | Julian | 10/31/2009 to 10/31/2009 | $58.67 |
| 70. Tamayo-Serrano | Camilo | 08/16/2008 to 08/16/2008 | $432.34 |
| 71. Velasquez | Gonzalo | 08/16/2008 to 08/16/2008 | $53.34 |

| LAST NAME | FIRST NAME | PERIOD COVERED | GROSS AMOUNT DUE |
|---|---|---|---|
| 72.  Villasenor | Gonzalo | 08/16/2008 to 06/26/2010 | $5,033.90 |
| 73.  Zuniga-Perez | Jose L. | 08/16/2008 to 06/19/2010 | $1,430.83 |
|  |  | Total | $90,843.75 |

# EXHIBIT 2

Payment Schedule for
Lifestyle Landscapes, Inc., Lifestyle Landscapes Companies, Inc.,
Lann D. Hamilton and Jeremy Watson

**INSTALLMENT PAYMENT SCHEDULE – Back Wages**

| PAYMENT DUE DATE | BACKWAGE PRINCIPAL DUE | BACKWAGE INTEREST DUE | CIVIL PENALTY DUE | TOTAL DUE |
|---|---|---|---|---|
| March 1, 2012 | $25,000.00 | -0- | -0- | $25,000.00 |
| April 1, 2012 | $12,500.00 | $270.83 | -0- | $12,770.83 |
| May 1, 2012 | $12,500.00 | $218.75 | -0- | $12,718.75 |
| June 1, 2012 | $12,500.00 | $166.67 | -0- | $12,666.67 |
| July 1, 2012 | $12,500.00 | $114.58 | -0- | $12,614.58 |
| August 1, 2012 | $12,500.00 | $62.50 | -0- | $12,562.50 |
| September 1, 2012 | $2,500.00 | $10.42 | $10,000.00 | $12,510.42 |